## (October 28, 1969)

■ TRI-CITY RENTA-CAR AND LEASING CORPORATION, Appellant-Respondent, v. WILLIAM VAILLANCOURT, Respondent-Appellant.— GREENBLOTT, J. Cross appeals from an order of the Supreme Court at Special Term, entered March 17, 1961 in Albany County, which denied cross motions by the plaintiff and the defendant for summary judgment. Plaintiff seeks to recover from the defendant for damages resulting to plaintiff's 1959 Ford automobile arising out of an accident which occurred while the automobile was under lease to the defendant.

Defendant, after signing his name on a writing, leased the vehicle for one day. While it was being operated by the defendant's brother-in-law, it became involved in an accident and was damaged in the amount of $1,430. Plaintiff contends that a written contract was entered into between the parties, which provided that the defendant would become liable for damages to the vehicle should an accident occur while the vehicle was operated in violation of its terms. One clause provided that only the named renter could operate the vehicle. In an affidavit submitted to Special Term, defendant contends that the signing of his name did not create a contract, arguing that "the person in charge of plaintiff's office did not tell me of any finely printed conditions of any agreement. All I saw was the writing listing my name and address and the make and license plate of the automobile I was renting. He did not tell me that I alone was supposed to be driving the automobile and to the contrary, told me that anyone in my family who was licensed could drive it, and that the protection I was buying extended to all drivers of the automobile, and excluded me from liability for any damage to the automobile." The exhibit submitted by the plaintiff, purporting to be a copy of the alleged contract between the parties, consists of two detached forms. The sheet marked "original" contains on its face factual data as to defendant's residence, business address, the vehicle leased, and the rates to be charged, in addition to defendant's signature. The clauses upon which plaintiff relies appear on the back in small print. The second unsigned form contains the same writing on the left side of a folded page, the right side of which appears to be a carbon copy of the factual data contained on the "original" sheet. "'A party cannot be held to contract where there is no assent * * *. There must be actual acceptance, or there is no contract.'" (*Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400, 404.) Plaintiff does not claim that the printed material in fine print was called to defendant's attention other than by an inconspicuous legend under the line reserved for the renter's signature. "A party should not be bound by clauses printed on the reverse side of a document unless it be established that such matter was properly called to its attention and that it assented to the provisions there stated (*Blossom* v. *Dodd,* 43 N. Y. 264; *Klar* v. *H. & M. Parcel Room,* 270 App. Div. 538, 543, affd. 296 N. Y. 1044; *Dery* v. *Blate,* 209 App. Div. 467, 239 N. Y. 203)." (*Matter of Philip Exp. Corp.* [*Leathertone, Inc.*], 275 App. Div. 102, 105.) In view of the conflicting claims and the nature of the writings in issue, a question of fact exists as to whether the defendant became aware or could reasonably be expected to observe the contents of the printed material before he signed his name. A determination as to whether the writings constitute a contract must await a trial on the merits. The motions for summary judgment were properly denied. Order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.