■ BRIJEN K. GUPTA, Appellant, v UNIVERSITY OF ROCHESTER, Respondent.—Order unanimously affirmed, without costs. Memorandum: Plaintiff commenced this action seeking to permanently enjoin defendant from terminating his position as Professor of History as of June 30, 1976 on the ground that defendant had contracted to retain him in its employ until the end of the academic year, 1977. He now appeals from an order denying his motion for a preliminary injunction and granting defendant's cross motion for summary judgment dismissing the complaint. This dispute arises as a result of an offer to plaintiff by the trustees of the university for reappointment as Professor of History "for a period of one year effective July 1, 1975." At the time of this offer plaintiff was under contract for a three-year appointment which was to terminate on June 30, 1976. Since defendant's offer of reappointment did not extend his existing appointment, plaintiff accepted the offer claiming that defendant had erred and that his appointment was actually being extended until June 30, 1977. Thereafter, defendant reaffirmed its position that no offer had been made to plaintiff extending his appointment beyond June 30, 1976 nor had any such offer been approved by the trustees. We find no merit to plaintiff's contention that there exists a material, triable issue of fact with respect to the alleged existence of a contract of employment between defendant and himself. The facts relating to the existence of the contract are essentially undisputed and, since the remaining issue of whether a contract was indeed established is a question of law, its resolution rests with the court *(Rochester Plumbing Supply Co. v Burgart, Inc.,* 49 AD2d 78; *Cortland Asbestos Prods. v J. & K. Plumbing & Heating Co.,* 33 AD2d 11). It is well settled that in order to form a binding contract there must be mutual assent to the terms and conditions thereof *(Schultz & Co., v Camden Fire Ins. Assn.,* 304 NY 143; *Matter of Tanenbaum Textile Co. v Schlanger,* 287 NY 400; *Tri-City Renta-Car & Leasing Corp. v Vaillancourt,* 33 AD2d 613). Where the offeror, using ambiguous language, reasonably means one thing and the offeree reasonably understands differently, there is no contract (9 NY Jur, Contracts, § 16; 17 Am Jur 2d, Contracts, § 22). Inasmuch as defendant offered employment to

plaintiff for the 1975–1976 academic year and plaintiff accepted employment for the 1976–1977 academic year, it clearly cannot be said that the parties assented to the material elements of the alleged contract. Furthermore, although defendant may have been negligent not only in ascertaining when plaintiff's existing appointment was to expire but also in wording its offer as a "reappointment" for one year, plaintiff, by the terms of the offer, had full opportunity to observe the existing ambiguity and, therefore, cannot object to the meaning attached to the offer by defendant (1 Williston, Contracts [3d ed], § 95, pp 347–348). We have considered plaintiff's remaining contention that a contract of employment for the 1976–1977 academic year was established as a result of oral confirmations by certain of defendant's personnel and an interoffice memorandum and find it to be without merit. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Dillon and Goldman, JJ.