OPINION OF THE COURT
Harold J. Hughes, J.
The defendants move for summary judgment dismissing the plaintiffs’ complaint and granting judgment in their favor upon their counterclaim. Plaintiffs have requested that the court grant summary judgment against defendants.
The action is by vendors of real property for specific performance of a contract, and the counterclaim is for return of the vendees’ $1,000 deposit. The contract was executed by the *872 defendants on October 17, 1978, and contained a clause stating "This agreement is contingent upon purchaser obtaining approval of a conventional mortgage loan of $29,000. Purchaser agrees to use diligent efforts to obtain said approval”. The clause goes on to provide that the contingency shall be waived unless the purchasers notified the vendors within 30 days of their inability to obtain such a mortgage. The deposit of $1,000 was given upon the signing of the agreement. Defendants sought a mortgage loan from the Chase Manhattan Bank and were denied same. Thereafter, they sought a mortgage from the Union National Bank and were advised that such bank was not at that time accepting applications for mortgages at 8V2% interest for a term of 20 years. Defendants advised plaintiffs, pursuant to the terms of the contract, that they could not obtain a mortgage and requested the return of the $1,000 deposit which was not forthcoming.
The position of plaintiffs on this motion is that they were at all times ready, willing and able to complete the sale and that the defendants did not use diligent efforts to obtain a mortgage. More particularly, plaintiffs take the position that the term "conventional mortgage” envisioned a mortgage for a term unspecified by the plaintiffs at any interest rate that was allowed to be charged by a Federally chartered bank, even though that interest rate might be in excess of New York State’s usury laws. The defendants take the position that the term "conventional mortgage” is so ambiguous as to render the contract a nullity since there was no meeting of the minds. In the alternative, defendants argue. that the term "conventional mortgage” means a mortgage for a term of 20 years at the maximum rate of interest permitted by New York State’s usury laws. Defendants allege that they requested such a mortgage from two different banks and were refused, and that this constituted diligent effort.
The omission of a material element from a contract renders the contract unenforceable since there has been no meeting of the minds (Willmott v Giarraputo, 5 NY2d 250, 253; Matter of Smith v Department of State of State of N. Y., 3 AD2d 954, 955). When the term "conventional mortgage” is used in a clause such as the instant one, there should also be set forth the term of the mortgage and at what interest rate the mortgage shall be (Donato v Baltrusaitis, 56 Misc 2d 935, 936). Omitting the terms of the mortgage renders a contract unenforceable (Willmott v Giarraputo, supra, p 253). The court *873 concludes that the term "conventional mortgage” standing alone, without a designation of the interest rate or length of the term of the mortgage, is so ambiguous that there was never any meeting of the minds between the buyer and the seller as to this essential part of the transaction. This term could mean, as argued by plaintiffs, any mortgage given by a bank at any interest rate, for any term, that is not guaranteed by a governmental entity (such as FHA or VA mortgages). Alternatively, the phrase could mean, as urged by defendants, a mortgage for a 20-year term at the interest rate allowed by New York State law. For that matter, it could refer to a 25-year or a 30-year term at the interest rate allowed by law. Under the circumstances of this case, the seller has no enforceable contract and the defendants are entitled to the return of their deposit.
The motion of the defendants for an order granting summary judgment dismissing the plaintiffs’ complaint and awarding summary judgment upon their counterclaim shall be granted, without motion costs. The cross motion of the plaintiffs for summary judgment shall be denied, without costs.