■ SUSAN CORTESI et al., Respondents, v R & D CONSTRUCTION CORPORATION et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 13, 1987 in Albany County, which, inter alia, granted plaintiffs' motion for summary judgment.

In November 1983, the parties signed a contract for the construction and sale of a home. The contract specified April 30, 1984 as the closing date. There was also a mortgage contingency clause which gave plaintiffs 45 days to notify defendants of their inability to obtain financing. Upon such notice, the contract would be canceled and plaintiffs would be entitled to a refund of all but $500 of their down payment. On December 13, 1983, plaintiffs received a mortgage commitment from a bank. This commitment, however, was not useful to plaintiffs since its expiration date was well before the contractual closing date. Although plaintiffs aver that they notified defendants of the problem orally and in a note mailed to defendants with a copy of their commitment letter, defen-

dants deny receiving such notice. In a letter dated December 22, 1983, plaintiffs informed the bank that unless the mortgage commitment could be extended, their application would have to be withdrawn. No extension was forthcoming and plaintiffs were without financing at the end of December 1983.

On February 9, 1984, the parties met and modified the contract in several respects. The closing date was changed from April 30, 1984 to July 15, 1984. In addition, changes in the specifications for the house were made, adding almost $3,800 to the purchase price. The parties apparently made no written reference to the mortgage contingency provision at the February 9, 1984 meeting, although plaintiffs contend they believed that a new 45-day period commenced under this "new" contract. Thereafter, plaintiffs applied to two banks for a mortgage but were denied because plaintiff Susan Cortesi had lost her job. Plaintiffs notified defendants on March 14, 1984 of their inability to obtain financing and asked defendants to return their $6,000 down payment, less $500, as stated in the contract. Defendants refused to return the deposit because the 45-day contingency period had long since expired and was not renewed by the modification.

Plaintiffs commenced this action seeking a return of their deposit, plus damages. Defendants counterclaimed for damages arising out of plaintiffs' breach of contract. Plaintiffs moved for summary judgment on the complaint and for dismissal of defendants' counterclaim. Defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted summary judgment to plaintiffs and dismissed defendants' counterclaim. This appeal by defendants ensued.

The February 9, 1984 modification resulted in a new contract, and the terms of the old contract which were not modified remained viable (see, Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350, 354, lv denied 51 NY2d 706; Millet v Slocum, 4 AD2d 528, 530-531, affd 5 NY2d 734). Thus, since it was not eliminated or modified, the mortgage contingency provision remained effective. Defendants contend that the 45-day period had expired by the time the modification was made and that the modification could not somehow revive it. This interpretation is belied by a reading of the contract. The mortgage contingency clause, which defendants drew, provides for a 45-day period but does not state when the period starts running. With this ambiguity, defendants cannot successfully contend that the 45-day period had expired at the time the contract was modified. Since the mortgage contingency clause survived the modification, it should not be given an interpre-

tation which would render it meaningless. The only reasonable interpretation of the clause is that it began running anew on February 9, 1984 when the contract was modified.

This interpretation is supported by a commonsense analysis of the facts. The parties knew that plaintiffs needed financing to complete the transaction and that the mortgage contingency clause provided an opportunity for plaintiffs to avoid the contract if they could not obtain financing. Defendants' interpretation assumes that the parties executed a new, indeed a larger, contract with no mortgage contingency whatsoever. Such interpretation of the parties' intent strains logic. Supreme Court properly granted summary judgment to plaintiffs.

Order affirmed, with costs. Mahoney, P. J., Weiss and Mikoll, JJ., concur.

Kane and Levine, JJ., dissent and vote to modify in a memorandum by Levine, J. Levine, J. (dissenting). In our view, Supreme Court erred in granting plaintiffs summary judgment. The mortgage contingency clause stated in pertinent part: "[t]his contingency shall be *deemed waived* unless PURCHASER shall notify CONTRACTOR by registered mail, return receipt requested, no later than 45 days of his inability to obtain said [mortgage] approval" (emphasis supplied). The conclusion seems unescapable to us that the 45-day time limit in that clause has to be referable to a period commencing with the execution of the contract. Otherwise, the time limit would be free-floating and essentially meaningless. Therefore, by the literal terms of the clause, plaintiffs were "deemed [to have] waived" the mortgage contingency, which would otherwise have discharged their obligation to perform the agreement, well before the February 9, 1984 modifications adding extras and extending the time to complete construction and close title.

The majority apparently agrees that the mortgage contingency clause was completely unaffected by the February 9, 1984 addenda, since the modifications neither expressly nor impliedly impinged upon that clause. This conclusion conforms to settled law. As stated in *Beacon Term. Corp. v Chemprene, Inc.* (75 AD2d 350, 354, *lv denied* 51 NY2d 706), "[t]he modification of a contract results in the establishment of a new agreement between the parties which *pro tanto* supplants the affected provisions of the original agreement *while leaving the balance of it intact*" (emphasis supplied). Nevertheless, the majority holds that the 45-day period "began running anew on February 9, 1984 when the contract was

modified". Thus, the majority concludes that, somehow, the parties in entering into the February 9, 1984 modification, agreed to "unwaive" the waiver they stipulated would take place after the first 45 days in the mortgage contingency clause. Simple logic dictates that plaintiffs' waiver of the right to rescind, exercisable only within the first 45 days after execution of the contract, as provided by the express terms of the mortgage contingency clause, cannot be both intact and yet "unwaived" as a result of the February 9, 1984 changes in the agreement. Not only logic, but fairness and policy dictate a contrary result to that reached by the majority. Plaintiffs knew on December 13, 1983, prior to the expiration of the 45-day period, that the mortgage commitment they had obtained was unsatisfactory since its expiration date was well before the closing date under the contract. At that point, they had two options, to promptly cancel the contract by invoking the mortgage contingency clause or to seek an extension of the contingency period. They did neither.

Time restrictions in mortgage contingency clauses of real estate contracts are common and important. Through such demarcations, the seller's risk of the loss of a sale because of the buyer's inability to obtain financing is placed within defined and predictive limits. They represent a reasonable, bargained-for accommodation of the competing interests of buyers and sellers concerning financing risks. Under the majority's decision, a time limit for rescission under a mortgage contingency clause becomes ineffective upon *any* modification of the agreement, even when, as here, there is no indication whatsoever of the parties' mutual assent to renewal or extension of the contingency period.

On the basis of the foregoing, we would not only reverse, but also grant summary judgment in favor of defendants except for the existence of a question of fact as to whether plaintiffs may be entitled to equitable rescission. Plaintiffs aver that they notified defendants in late December 1983 of the problem with their original mortgage commitment and their continued need for financing, and that they believed the February 9, 1984 modifications had the effect of renewing the 45-day period. This would support the inference that defendants were aware of plaintiffs' mistaken belief regarding the effect of the February 9, 1984 modifications as a renewal of the mortgage clause, but unfairly refrained to correct that mistaken belief, entitling plaintiffs to relief on the basis of unilateral mistake *(see, Sheridan Drive-In v State of New York,* 16 AD2d 400, 405; *see generally,* Restatement [Second] of

Contracts §§ 153, 201, 376 [1979]). Since defendants controvert plaintiffs' averments as to such notice and awareness, a triable issue exists precluding summary judgment. Accordingly, we would modify Supreme Court's order by reversing so much thereof as granted plaintiffs' motion for summary judgment.