JAMES V. BRANDS et al., Respondents, v HOWARD URBAN et al., Appellants.

Second Department, September 14, 1992

### APPEARANCES OF COUNSEL

*Mahon, Mahon & Mahon,* Smithtown *(Paul L. Dashefsky* of counsel), for appellants.

*James V. Brands,* Poughkeepsie, respondent *pro se,* and for Ronald Gasparro, respondent.

### OPINION OF THE COURT

LAWRENCE, J. P.

█ In this action to recover the down payment advanced by the plaintiffs on the signing of a contract to purchase real property, the issue presented is whether there was a meeting of the minds between the parties concerning all material terms of the contract. We agree with the Supreme Court that there was not, and accordingly affirm the judgment appealed from.

In the summer of 1988 the plaintiffs entered into negotiations with Bruaz Realty Corp. for the purchase of a restaurant business together with the real property on which it was situated. Negotiations were conducted through a real estate broker, Barbara Stolen. In August 1988 the plaintiffs made an offer which they believed was orally accepted. They were later informed by the broker that Bruaz Realty Corp. had accepted another offer. During that conversation the broker "intimated that she felt she was entitled to a commission and was going to pursue it against the corporation".

In fact, in September 1988 Stolen commenced an action against Bruaz Realty Corp. to recover a $40,000 commission which she contended had been earned. The record also discloses that Bruaz Realty Corp. was subsequently dissolved and the subject premises transferred to the defendants, Howard Urban and Elza Urban, who had been the sole stockholders of the corporation.

Thereafter, in or about January 1989 the Urbans contacted the plaintiffs directly. The other deal had fallen apart, and they wanted to know whether the plaintiffs were still interested in the subject premises. Protracted negotiations ensued, culminating in the execution of a written agreement between the parties dated March 6, 1989.

Paragraph 8 of the printed contract, as modified by the

parties, provided: "PURCHASER hereby states that PURCHASER has not dealt with any broker in connection with *this sale* and PURCHASER agrees to hold SELLER harmless from any claim by Barbara Stolen, a broker" (emphasis added).

Paragraph 33 of the rider further provided: "The parties recognize that there is *a possible claim* by real estate broker, Barbara Stolen. As part of the purchase price the purchasers agree to hold seller harmless from any claim by said Barbara Stolen. Seller agrees to turn over to purchaser any and all information which they presently have as regards the lawsuit and agree to cooperate with purchaser in the defense of same" (emphasis added).

Shortly after the execution of the agreement, the Urbans claimed that paragraphs 8 and 33 thereof obligated the plaintiffs to take over the defense of the action previously commenced by Stolen against Bruaz Realty Corp. and to assume personal responsibility for any recovery had by the broker therein. The plaintiffs promptly rejected that interpretation, contending that the paragraphs in question only referred to a "possible" future claim the broker might make, arising out of "this sale".

When the Urbans' counsel insisted that the plaintiffs take over the defense of the pending lawsuit, the plaintiffs commenced this action, alleging in their complaint, as their first cause of action, that there was no enforceable contract since there was never a meeting of the minds between the parties on each essential element of the contract. The Urbans counterclaimed for damages for breach of the contract.

It is well established that a contract is unenforceable where there is no meeting of the minds between the parties thereto regarding a material element thereof *(see, Willmott v Giarraputo,* 5 NY2d 250, 253; *Patrolmen's Benevolent Assn. v City of New York,* 27 NY2d 410, 416; *Matter of Smith v Department of State,* 3 AD2d 954, 955; *Neiss v Franze,* 101 Misc 2d 871). In the instant case, the language contained in paragraph 33 of the rider is so obscure and ambiguous that it is impossible to ascertain with any reasonable degree of certainty the intention of the parties. It simultaneously refers to "a possible claim" by the real estate broker and to a "lawsuit" which is never identified. If the parties *mutually* intended that the plaintiffs would assume the defense of the action then pending, brought by Barbara Stolen against Bruaz Realty Corp., and pay any judgment recovered therein, it would have been a simple matter to so provide in the contract.

Since the clause significantly impinges on the amount of the purchase price payable under the contract, we find that there was no meeting of the minds between the parties on a material element of the contract, rendering it unenforceable.

"Whether or not a writing is ambiguous is a question of law to be resolved by the courts" *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). We note that our dissenting colleague agrees that there is an ambiguity in the record here concerning what must have been reasonably intended by the parties. Contrary to his further contention, however, we find no factual issues which would preclude an award of summary judgment to the plaintiffs. "Where the offeror, using ambiguous language, reasonably means one thing and the offeree reasonably understands differently, there is no contract" *(Gupta v University of Rochester,* 57 AD2d 731). The court may not write into the contract conditions the parties did not insert, by adding or excising terms under the guise of construction *(Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016). The rule is well settled that the writing evidencing the contract must, in order to satisfy the Statute of Frauds *(see,* General Obligations Law § 5-703), state the entire agreement with such certainty that the substance thereof appears from the writing alone *(see, Kobre v Instrument Sys. Corp.,* 54 AD2d 625). Oral testimony will not suffice to prove what the parties intended and the defendants have not even suggested that other relevant writings exist on the issue.

■ Accordingly, the court properly granted the plaintiffs summary judgment. The appeal from the intermediate order must be dismissed because the right of direct appeal terminated with the entry of the judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]). The judgment is affirmed.

RITTER, J. (dissenting). On their motion for summary judgment, the plaintiffs claimed that the parties never reached a meeting of the minds with respect to their duty to defend and indemnify the sellers against claims made by the broker. Accordingly, they asserted that there was never a binding contract and they were entitled to a return of the down payment.

In opposition to the motion, the sellers claimed that the plaintiffs were aware of the broker's existing claim for a

commission and the pending lawsuit during contract negotiations. They also claimed that the parties arrived at an agreement which expressly required the plaintiffs to hold them harmless and defend against any claims made by the broker including the existing lawsuit.

The Supreme Court granted the plaintiffs' motion for summary judgment, although it concluded that there was an ambiguity concerning the parties' intention on this subject. The court held, as a matter of law, that the parties had not reached an agreement with respect to this material element of the contract because although the interpretations each offered in support of their positions on the motion were different, both were reasonable. I disagree.

The issue in this case is what meaning should be given to paragraph 33 of the rider to the contract. This paragraph, which was drafted by the lawyer plaintiffs, provided: "33. The parties recognize that there is a possible claim by real estate broker, Barbara Stolen. As part of the purchase price the purchasers agree to hold seller harmless from any claim by said Barbara Stolen. Seller agrees to turn over to purchaser any and all information which they presently have as regards the lawsuit and agree to cooperate with purchaser in the defense of same".

The only lawsuit pending at the time was the broker's. In a transmittal letter to the sellers' attorney, the plaintiff James Brands stated that this provision was proposed because the broker "may not be entitled to a commission [and] we would also want the ability of negotiating with her".

These words have no meaning unless they refer to the broker's pending suit. In light of the contradictory evidence in the record, it cannot be said, as a matter of law, that the parties failed to reach agreement with respect to the plaintiffs' obligation to hold the defendants harmless against this lawsuit by the broker. In my view, there are factual issues which preclude an award of summary judgment in favor of either party. A critical issue of fact is whether the plaintiffs were aware of the broker's claim and the pending lawsuit at the time the contract was signed. Although a fair reading of the contract provisions, as a whole, suggests that the plaintiffs must have been when they agreed to hold the sellers harmless under the circumstances existing herein, there is a dispute concerning what must have been reasonably intended by the parties. This question cannot be resolved without determining

the credibility of the evidence offered by each party, a finding that cannot be made on the basis of the conflicting affidavits.

Accordingly, I vote to reverse the order appealed from, on the law, and to deny the plaintiffs' motion for summary judgment.

O'BRIEN and COPERTINO, JJ., concur with LAWRENCE, J. P.; RITTER, J., dissents in a separate opinion.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and the order is vacated; and it is further,

Ordered that the respondents are awarded one bill of costs.