■ FEROZE H. TEJANI, Respondent, v ALLIED PRINCESS BAY Co., Appellant. [612 NYS2d 227] —In an action for the return of a down payment on a contract to convey real property, in which the defendant has counterclaimed for a judgment declaring it entitled to retain the down payment, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated July 14, 1992, which, *inter alia,* upon granting the plaintiff's motion for

summary judgment, and denying that branch of the defendant's motion which was for summary judgment, is in favor of the plaintiff and against the defendant in the principal sum of $41,000.

Ordered that the order and judgment is modified, on the law, by deleting the first, fourth and fifth decretal paragraphs thereof and by substituting therefor a provision denying the plaintiff's motion for summary judgment; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a determination of that branch of the defendant's motion which was to strike the plaintiff's statement of readiness.

The plaintiff buyer entered into a purchase agreement dated July 10, 1987. He agreed to pay the sum of $410,000 for a townhouse to be built by the defendant seller. The closing was set for June 1989. The defendant seller was contractually entitled to a "reasonable adjournment in the closing of title" under defined conditions and in accordance with paragraph 19 of the parties' agreement. This paragraph, in turn, provided that the plaintiff buyer had the right to cancel the contract in the event that the defendant seller was unable to convey title "six months after the date of delivery of title set forth herein".

On June 7, 1989, the plaintiff buyer declared that he was unable to proceed to closing "due to extreme financial problems". The defendant seller replied by asserting that the $41,000 down payment deposited by the plaintiff buyer would be retained "as liquidated damages". This exchange of letters was followed by further negotiations between the parties which, after several months, led to a renewal or modification of the contract. By letter agreement dated November 15, 1989, the parties agreed to modify the purchase agreement so as to adjust the purchase price to the sum of $375,000. No written changes were made in the remaining provisions of the original purchase agreement.

Fifty-one days later, on January 5, 1990, the plaintiff buyer notified the defendant seller that he elected to "cancel" the parties' contract and demanded a return of the $41,000 down payment. In his letter dated January 5, 1990, the plaintiff buyer declared, through his attorney, that he had the right to cancel the contract due to the inability of the defendant seller to convey title within six months of June 1989 as provided in paragraph 19 of the parties' agreement noted above. He

declared that the "house is in an unfinished state and not ready for occupancy".

The plaintiff buyer commenced the present action claiming, in essence, that the defendant seller wrongfully refused to return the down payment. The defendant seller alleged three counterclaims, asserting that it is entitled to retain the $41,000 down payment as liquidated damages. In the order and judgment appealed from, the Supreme Court granted the plaintiff summary judgment.

The November 15, 1989, modification agreement left intact only those provisions of the original agreement which were not expressly or impliedly supplanted *(e.g., Cortesi v R & D Constr. Corp.,* 73 NY2d 836, *modfg* 137 AD2d 901, *on dissenting opn of* Levine, J.; *Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350). Here, the original agreement granted the seller an additional period of six months to perform and this additional six month period was measured from "the date of delivery of title set forth herein [i.e., June 1989]". When the parties entered into the modification agreement in November 1989 they could not have continued to contemplate June 1989 —a date which had already passed—as the time of closing from which to measure the defendant's time to perform. The parties' agreement as to the defendant's time to perform was necessarily supplanted as a result of the modification agreement made on November 15, 1989.

Under these circumstances, there is sufficient evidence to warrant a conclusion that the parties implicitly extended the defendant's time to perform as a necessary adjunct to their explicit agreement modifying and reducing the amount that the plaintiff was obligated to pay. There are issues of fact as to whether the defendant could reasonably have been expected to complete construction before January 1990. There are also issues of fact as to whether the plaintiff entered into the November 1989 agreement with the intent to defraud the defendant.

In light of these and other issues of fact, summary judgment should have been denied to both parties. We modify the order and judgment accordingly. Since that branch of the defendant's motion which was to vacate the statement of readiness is no longer academic, the court should, upon remittitur, decide this branch of the motion. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.