■ MARY MATTHEWS INTERIORS, INC., Respondent, v RICHARD LEVIS et al., Appellants. [617 NYS2d 39] —In an action to recover damages for breach of contract and in quantum meruit, the defendants appeal from a judgment of the Supreme Court, Nassau County (Ain, J.) dated September 30, 1992, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $64,000 and which dismissed their counterclaim.

Ordered that the judgment is modified, on the law and on the facts, by reducing the award to the plaintiff to the princi-

pal sum of $23,200; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiff, an interior decorating firm, entered into a contract with the defendants. The contract, dated January 3, 1989, provides that, as compensation for services that were to be rendered in connection with the redecoration of a certain apartment, the plaintiff was to receive a designer fee of 35% of the "actual cost of the project." The plaintiff was also to be compensated for "all reasonable * * * out-of-pocket expenses." Based on an estimated budget of $185,000, the parties projected a designer fee of $64,750, of which $10,000 was to be paid upon execution of the agreement. The remaining $54,750 was to be paid in installments upon the completion of each of the following six phases of the project:

| | | |
|---|---|---|
| 1. | Preliminary Design Concept | $10,000 |
| 2. | Modification and Refinement | $10,000 |
| 3. | Final Contract Documents | $10,000 |
| 4. | Purchase of Furnishings | $10,000 |
| 5. | Installation of Furnishings | $10,000 |
| 6. | Completion of Installation | $ 4,750 |

Paragraph 9 of the parties' contract states, "In the event that [the defendants] shall unilaterally terminate this agreement, [they] shall reimburse [the plaintiff] for any and all reasonable expenditures by it in connection with its performance of this agreement. The $10,000 initial fee is nonrefundable except in the event of [the plaintiff's] failure to perform its obligations under this agreement to completion."

The defendants unilaterally terminated the contract in May of 1989. The plaintiff commenced the present action, claiming that the defendants had orally modified the contract to expand its scope to cover two apartments and to provide designer fees in the sum of $129,500 (double the $64,750 noted above). The trial court awarded the plaintiff the principal sum of $64,000. We modify.

The testimony of the plaintiff's own witness establishes that the defendants never assented to a revised budget. The weight of the evidence establishes that the defendants never agreed to any particular amount of compensation in connection with the supposed oral modification of the contract expanding it to cover two apartments rather than one.

In light of the nature of the particular services to be rendered in this case, which involve the exercise of subjective

esthetic judgments, it is impossible to infer the price term that the parties failed to negotiate. We cannot refer to proof of fair market value or to any "extrinsic event, commercial practice or trade usage" *(Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 483, *cert denied* 498 US 816, citing *Metro-Goldwyn-Mayer v Scheider,* 40 NY2d 1069, 1071; Annotation, *Requisite Definiteness of Price to Be Paid in Event of Exercise of Option for Purchase of Property,* 2 ALR3d 701). The present record furnishes no basis from which to infer a price term "objectively [and] without the need for new expressions by the parties" *(Cobble Hill Nursing Home v Henry & Warren Corp., supra,* at 483). Because the contract as supposedly modified lacks an essential term, it is unenforceable *(see, Cobble Hill Nursing Home v Henry & Warren Corp., supra; Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; *Cosmolite Mfg. Co. v Theodus,* 122 AD2d 246; 21 NY Jur 2d, Contracts, § 23).

Even if the court could properly supply a price term for the additional work that was to be done by the plaintiff and render the parties' contract enforceable, the termination provision (paragraph 9) and the provision dividing the work into 6 phases (paragraph 8) would remain enforceable. A "modification agreement [leaves] intact * * * those provisions of the original agreement which were not expressly or impliedly supplanted" *(Tejani v Allied Princess Bay Co.,* 204 AD2d 618, 620, citing *Cortesi v R&D Constr. Corp.,* 73 NY2d 836, *modfg* 137 AD2d 901; *Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350). Here, where it was stipulated that the work did not proceed beyond phase two and where, in any event, the contract required the defendants' written approval before the work was to proceed beyond that phase, the plaintiff is entitled to no more than $20,000 (installments one and two) plus the $3,200 in out-of-pocket expenses that are supported by the weight of the evidence.

The plaintiff may not seek recovery in quantum meruit for a sum that would exceed the amount to which it is entitled under paragraph 9 of the parties' contract. Recovery in quantum meruit is not warranted when the services rendered by the plaintiff were required by the terms of an express contract between the parties *(see, Apfel v Prudential-Bache Sec.,* 81 NY2d 470; *Robinson v Munn,* 238 NY 40; *Miller v Schloss,* 218 NY 400; *Brodsky v Stadlen,* 138 AD2d 662; *Jandous Elec. Constr. Corp. v City of New York,* 88 AD2d 820, *affd* 57 NY2d 848). Even assuming that a quantum meruit theory might have been available to the plaintiff in connection with the

work attributable to the second apartment, the plaintiff failed to produce detailed proof sufficient to permit an assessment of the reasonable value of its services with respect thereto.

In sum, we find that the plaintiff is entitled to $20,000 for the work it completed in connection with phases one and two of the parties' contract. It is also entitled to $3,200 in out-of-pocket expenses. There was a failure of proof with respect to recovery in quantum meruit to the extent that this theory might have been available to the plaintiff with respect to work attributable to the second apartment. For these reasons, we modify the judgment appealed from by reducing the principal sum awarded to the plaintiff to $23,200.

We have examined the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Joy and Goldstein, JJ., concur.