■ PETER GOLDSMITH, Appellant, v ALAN S. LAYTON et al., Respondents. [751 NYS2d 767] —In an action, inter alia, to re-

cover the down payment on a contract for the sale of real property in which the defendants asserted counterclaims, inter alia, for a judgment declaring that they were entitled to retain the down payment based on the plaintiff's breach of the contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 9, 2002, which denied his motion for summary judgment on the complaint and summary judgment dismissing the counterclaims.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in favor of the plaintiff, including, inter alia, a declaration that the defendants are not entitled to retain the down payment.

The plaintiff (hereinafter the purchaser) entered into a contract with the defendants (hereinafter the sellers) to purchase the sellers' home, depositing $74,000 with the sellers' attorney as a down payment. A rider to the contract provided, inter alia, that the "[p]urchaser shall have an engineer's inspection completed no later than January 15, 2001. In the event that the engineer's inspection is not satisfactory to the purchaser in any respect, purchaser shall have the right to cancel this contract and receive the return of the down payment."

After the purchaser had an inspection of the home performed, he sent the sellers a letter expressing dissatisfaction with various items discussed in the inspection report. The sellers responded, agreeing to address some of his concerns, but disputing the validity of others. The purchaser then notified the sellers that he was canceling the contract, due to his dissatisfaction with the inspection report and demanded the return of his down payment. When the sellers refused to return the down payment, the purchaser commenced this action for its return, and the sellers interposed counterclaims, inter alia, for a judgment declaring that they could retain the down payment based on the purchaser's breach of the contract.

Based on the clear and unambiguous language of the contract, which entitled the purchaser to the return of his down payment if he was dissatisfied with the engineer's report in any respect, the Supreme Court should have granted the purchaser's motion for summary judgment (see *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157). The sellers' conclusory assertions of bad faith were insufficient to warrant denial of the purchaser's motion (see *Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016).

The sellers' remaining contentions are without merit.

Since the sellers asserted a counterclaim for a declaratory judgment, the matter is remitted for the entry of a judgment, inter alia, declaring that the sellers are not entitled to retain the down payment (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.