■ COMPUTER ASSOCIATES INTERNATIONAL, INC., Appellant, v U.S. BALLOON MANUFACTURING Co., INC., Respondent. [782 NYS2d 117]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Jones, J.), dated November 21, 2002, as, after a nonjury trial, dismissed the first cause of action alleging breach of contract.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, the Supreme Court correctly dismissed its first cause of action seeking to recover damages for breach of contract. "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Slatt v Slatt*, 64 NY2d 966, 967 [1985]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records, supra* at 569; *R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). A contract is unambiguous if the language it uses has "a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]).

Extrinsic evidence of the parties' intent may be considered

only if the agreement is ambiguous, which is an issue of law for the courts to decide (*see Greenfield v Philles Records, supra* at 569). Furthermore, any ambiguity in contract language must be construed against the party that drafted the contract, which in this instance was the plaintiff (*see Matter of Cowen & Co. v Anderson,* 76 NY2d 318 [1990]). Where the offeror, using ambiguous language, reasonably means one thing and the offeree reasonably understands differently, there is no contract (*see Matthews Interiors v Levis,* 208 AD2d 504 [1994]). A contract is unenforceable where there is no meeting of the minds between the parties regarding a material element thereof (*see Brands v Urban,* 182 AD2d 287 [1992]).

Here, the testimony of the defendant's witness established that the defendant understood the computer software "service pack" addendum to the parties' contract to include all the educational services he and his employees would need to utilize the software. When, shortly after contract execution, the plaintiff tried to sell a separate education package at additional cost, the defendant sought to rescind the contract. In direct conflict with this testimony, the plaintiff's witnesses established that they understood that educational services were not included in the contract price, but were to be included in a separate agreement. On this point, the written contract is ambiguous and nearly indecipherable. The language employed in the contract is not susceptible of only one meaning, and thus the contract is ambiguous as a matter of law (*see Greenfield v Philles Records, supra; W.W.W. Assoc. v Giancontieri, supra*). There is a reasonable basis for the parties' difference of opinion as to what the contract included or did not include, and therefore the contract is unenforceable for lack of a meeting of the minds regarding a material element thereof (*see Brands v Urban, supra; Matthews Interiors v Levis, supra*).

The plaintiff's remaining contentions are without merit. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.