(April 25, 2005)

■ Belle Harbor Washington Hotel, Inc., et al., Respondents, v Jefferson Omega Corp. et al., Appellants, et al., Defendant. [795 NYS2d 597]—

In an action, inter alia, to recover damages for breach of a real estate contract, the defendants Jefferson Omega Corp. and Herman Segal appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated June 25, 2004 which, among other things, granted the plaintiffs' motion, in effect, for summary judgment on their first cause of action for liquidated damages in the sum of $350,000.

Ordered that the order is affirmed, with costs.

The fundamental precept of contract interpretation is that written agreements are construed in accordance with the parties' intent. A written agreement that is complete, clear, and unambiguous on its face must be enforced in accordance with the plain meaning of its terms (*see Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist.,* 12 AD3d 395, 396 [2004]; *Lane v Seltzer,* 303 AD2d 378, 379 [2003]; *Hindes v Weisz,* 303 AD2d 459, 460-461 [2003]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.,* 10 AD3d 699 [2004], quoting *Breed v Insurance Co. of N. Am.,* 46 NY2d 351 [1978]).

Here, the language of the agreement (hereinafter the Ness agreement) between the appellant Jefferson Omega Corp. (hereinafter Jefferson), and the respondents Belle Harbor Washington Hotel, Inc., Bernstan Realty Ltd., and Levbarn Realty Co., which incorporated by reference the contemporaneous main contract of sale (hereinafter the contract) for the property in question was unambiguous. The Ness agreement provided that in exchange for the waiver by Joyce Ness of her purchase option, Jefferson, "[t]he Purchaser[,] agrees to pay to Joyce Ness said sum of $950,000.00 by certified or bank checks at the closing. Said payments shall be made in addition to the consideration

provided in the [contract] for the above premises dated June 23, 2003." Moreover, to eliminate any doubt as to the parties' intentions, the Ness agreement set forth its own remedy: "Unless said additional sum of $950,000.00 is paid to Joyce Ness as provided herein, the Purchaser shall be considered in default of the [contract]. In such event, the Seller shall have the right to retain the down payments provided in the [contract]." The Supreme Court properly rejected the appellants' contention that they were entitled to a 15-day cure period provided for in the contract, as the appellants unilaterally repudiated the Ness agreement which was part of the contract. Therefore, the sellers were relieved from performing their remaining obligations under the contract. Accordingly, the Supreme Court correctly granted the respondents' motion for summary judgment (*see Taurone v Presidential Life Ins. Co.,* 301 AD2d 587, 588 [2003]; *Goldsmith v Layton,* 300 AD2d 353, 354 [2002]).

The appellants' remaining contentions either are unpreserved for appellate review or without merit. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur. [*See* 4 Misc 3d 1008(A), 2004 NY Slip Op 50783(U) (2004).]