■ WIDER CONSOLIDATED, INC., Respondent, v TONY MELILLO, LLC, et al., Appellants. [968 NYS2d 521]—

In an action, inter alia, to recover on an account stated and to recover damages for breach of a personal guaranty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated January 26, 2012, as denied that branch of their cross motion which was for summary judgment dismissing the fifth cause of action in the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover on an account stated and to recover damages for breach of a personal guaranty allegedly executed by the defendant Tony Melillo, the managing member of the defendant Tony Melillo, LLC. The Supreme Court denied that branch of the defendants' cross motion which was for summary judgment dismissing the fifth cause of action, which was to recover on the personal guaranty.

A written agreement that is complete, clear, and unambiguous on its face must be enforced so as to give effect to the meaning of its terms and the reasonable expectations of the parties, and the court should determine the intent of the parties from within the four corners of the contract without looking to extrinsic evidence to create ambiguities (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Kimso Apts., LLC v Gandhi*, 104 AD3d 742 [2013]; *Red-Kap Sales, Inc. v Northern Lights Energy Prods., Inc.*, 94 AD3d 1281, 1281-1282 [2012]; *Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp.*, 17 AD3d 612, 612 [2005]). An agreement "is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.*, 10 AD3d 699, 699 [2004], quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *see Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp.*, 17 AD3d at 612).

Furthermore, "[a] guaranty is a contract, and in interpreting it we look first to the words the parties used" (*Louis Dreyfus Energy Corp. v MG Ref. & Mktg., Inc.*, 2 NY3d 495, 500 [2004]; *see G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d 37, 40 [2012]). "A guaranty must be construed 'in the strictest manner' " (*Arlona Ltd. Partnership v 8th of Jan. Corp.*, 50 AD3d 933, 933 [2008], quoting *White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]), and a guarantor should be bound to the express terms of the written guaranty (*see 665-75 Eleventh Ave. Realty Corp. v Schlanger*, 265 AD2d 270, 271 [1999]; *Walker v Roth*, 90 AD2d 847 [1982]).

The document at issue, prepared by the plaintiff, is entitled "Personal Guaranty." The "Guarantor" is defined as "Tony Melillo." There is language in the body of the document indicating that the guarantor is personally guaranteeing the payment and performance of the obligations of the "Importer." The "Importer" is variously defined in the document as either "Tony

Melillo, LLC," or as "Tony Melillo." Thus, there is an ambiguity in the document as to whose obligations Melillo was guaranteeing.

Inasmuch as the affidavits submitted on the cross motion contain conflicting accounts of the parties' intentions and understanding as to whose obligations Melillo was purporting to guarantee, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the fifth cause of action. Thus, the Supreme Court properly denied that branch of their cross motion (see *Williams v Village of Endicott*, 91 AD3d 1160, 1163 [2012]; *Shook v Blue Stores Corp.*, 30 AD3d 811, 812-813 [2006]). Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.