Bank of N.Y. Mellon v Forman (2019 NY Slip Op 07045)





Bank of N.Y. Mellon v Forman


2019 NY Slip Op 07045


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-08575
2017-08577
 (Index No. 603244/15)

[*1]Bank of New York Mellon, respondent,
v
Ann Forman, appellant, et al., defendants.


Lasky & Steinberg, P.C., Garden City, NY (Scott L. Steinberg of counsel), for appellant.
Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham, NY (Gregory J. Sanda of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ann Forman appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated June 6, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ann Forman, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against her. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ann Forman, to strike that defendant's answer, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ann Forman, to strike that defendant's answer, and for an order of reference are denied, that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her is granted, and that branch of that defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her is denied as academic.
On October 29, 2004, nonparty Solomon Forman borrowed the sum of $333,700 from nonparty Quicken Loans, Inc., and executed a promissory note evidencing the loan. As security for the obligation, Solomon Forman and his wife, the defendant Ann Forman (hereinafter the defendant), delivered a mortgage on certain real property located in Hauppauge (hereinafter the subject property) to nonparty Mortgage Electronic Registration Systems, Inc., acting as nominee for Quicken Loans, Inc. The subject property is a residential home which has been solely owned by the defendant since May 28, 2002. On March 18, 2006, Solomon Forman died.
In March 2015, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an [*2]order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against her. The defendant argued, inter alia, that the plaintiff failed to comply with a condition precedent to the commencement of this foreclosure action because the plaintiff did not serve her with the 90-day notice required by RPAPL 1304. The plaintiff did not dispute that it did not serve the 90-day notice upon the defendant. However, the plaintiff argued, inter alia, that RPAPL 1304 applies only to borrowers, and that the defendant was not a borrower, as she had not signed the note.
The Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and denied the defendant's cross motion. The defendant appeals.
Where a loan is a home loan for the borrower's principal residence, the mortgage creditor contemplating a mortgage foreclosure action is required, pursuant to RPAPL 1304, to serve the borrower with notice of his or her default in a specified form at least 90 days prior to the commencement of the action (see RPAPL 1304[1], [2], [5]; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830).
We agree with the defendant that under the circumstances of this case, she was a "borrower" for purposes of RPAPL 1304. While RPAPL 1304 provides that the notice shall be sent to the "borrower," that term is not defined in the statute (see RPAPL 1304). It is undisputed that only the defendant's deceased husband, Solomon Forman, is identified as a "borrower" in the note which is secured by the mortgage. That is not determinative in this case. In the mortgage instrument, the defendant is referred to as a borrower. On the first page of the mortgage instrument, under the heading entitled "Words Used Often in this Document," the defendant is identified, along with her husband, as " Borrower.'" The defendant is also designated as "Borrower" under her signature on the signature page of the mortgage instrument. While the plaintiff contends that this standard mortgage form mischaracterizes the defendant as a borrower, any ambiguities in the language of the document must be construed against the plaintiff, as the plaintiff is the party who supplied the document (see generally Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d 699, 700).
Moreover, an RPAPL 1304 notice is a notice pursuant to the Home Equity Theft Prevention Act (Real Property Law § 265-a; hereinafter HETPA), the underlying purpose of which is "to afford greater protections to homeowners confronted with foreclosure" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). HETPA defines a "homeowner" as "any or all record title owners of the residential real property in foreclosure" (Real Property Law § 265-a[2][h]). The content of the RPAPL 1304 notice furthers the legislative intent "to provide a homeowner with information necessary . . . to preserve and protect home equity" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 107 [internal quotation marks omitted]; see Real Property Law § 265-a[1][d]). The "manifest purpose [of the RPAPL 1304 notice] is to aid the homeowner in an attempt to avoid litigation" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 107). Here, the defendant clearly is a homeowner, and in fact, she was the sole owner of the subject property.
Under these circumstances, where the defendant is referred to as a borrower in the mortgage instrument, and in light of the intent of the RPAPL 1304 notice, we find that the record is sufficient to establish that the defendant is a borrower for purposes of RPAPL 1304 (see generally Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95).
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (id. at 106; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860; Deutsche Bank Nat. Trust Co. v Spanos, 102 AD3d 909, 910).
Here, the plaintiff failed to meet its prima facie burden. As the plaintiff concedes, it did not serve the RPAPL 1304 notice upon the defendant. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the [*3]complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In support of her cross motion, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by relying on the same evidence, further supported by her affidavit stating that she did not receive the RPAPL 1304 notice. The plaintiff did not raise a triable issue of fact in this regard. Therefore, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her.
The defendant's remaining contention need not be reached in light of our determination.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court