Federal Natl. Mtge. Assn. v Johnson (2019 NY Slip Op 08472)





Federal Natl. Mtge. Assn. v Johnson


2019 NY Slip Op 08472


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

528833

[*1]Federal National Mortgage Association, Appellant,
v
Robert W. Johnson et al., Respondents, et al., Defendants.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Gross Polowy, LLC, Westbury (Marie Nicholson of counsel), for appellant.
Welch & Zink, Corning (Jeff N. Evans of counsel), for Robert W. Johnson, respondent, and Carl T. Hayden, Elmira, respondent pro se.



Pritzker, J.
Appeal from an order of the Supreme Court (Keene, J.), entered March 6, 2018 in Schuyler County, which denied plaintiff's motion for summary judgment.
In July 2005, defendant Brad S. Johnson executed a note in favor of PHH Mortgage Services Corporation that was secured by a mortgage on property located in the Town of Hector, Schuyler County.[FN1] In 2008, as a result of successful constructive trust action, Brad Johnson was compelled to convey the property to defendant Robert W. Johnson.[FN2] In July 2016, plaintiff, who was assigned the mortgage, commenced this mortgage foreclosure action against defendants, alleging that Brad Johnson failed to make a payment that was due in January 2015, as well as subsequent payments. Robert Johnson answered, asserting as an affirmative defense that plaintiff failed to give him appropriate notices as the owner and resident of the subject property. Plaintiff then moved for, among other things, summary judgment and dismissal of the affirmative defense. Robert Johnson and defendant Carl T. Hayden [FN3] (hereinafter collectively referred to as defendants) separately opposed the motion. According to Robert Johnson, PHH Mortgage knew that he was the owner of, and resided in, the subject property and plaintiff, PHH Mortgage's successor in interest, failed to comply with the notice requirements of RPAPL 1303 and 1304. Hayden added that there is a triable issue of fact as to whether Robert Johnson was a residential borrower when the original note and mortgage were executed and when this action was commenced. Supreme Court ultimately denied plaintiff's motion, finding that, although plaintiff established its prima facie entitlement to summary judgment, there was a triable issue of fact as to whether PHH Mortgage acknowledged Robert Johnson as a mortgagor, which would entitle him to, among other things, the notice protections of RPAPL 1304. Plaintiff appeals.
RPAPL 1304 provides that, "with regard to a home loan, at least [90] days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." There is no dispute that the RPAPL 1304 notice was sent only to Brad Johnson at the property address where Robert Johnson lived. Therefore, the only issue on appeal is whether Robert Johnson, despite being neither an obligor nor a signatory on either the note or mortgage, is a "borrower" and, as such, is entitled to the protections of RPAPL 1304. Plaintiff contends that he is not, thus, Supreme Court erred in not granting its motion for summary judgment. We agree.
The record contains correspondence that reveals that a representative from Monroe Title, the title insurer for PHH Mortgage, recognized that Robert Johnson, not Brad Johnson, was the party making all payments on the mortgage.[FN4] The record also contains two letters from Hayden, on Robert Johnson's behalf, to PHH Mortgage representative Walter Wronka Jr., wherein Hayden requests that the mortgage be modified to list Robert Johnson as the borrower. However, despite these communications, the modification did not occur and Brad Johnson continued to be the sole signatory on both instruments. Inasmuch as it is evident from the record that Brad Johnson is the only individual listed as a borrower on all relevant documents, including the note and mortgage, Robert Johnson was not a borrower and was not entitled to RPAPL 1304 notices (compare Bank of N.Y. Mellon v Forman, ___ AD3d ___, ___, 2019 NY Slip Op 07045, *2 [2019]). Accordingly, Supreme Court erred in denying plaintiff's motion for summary judgment.
Egan Jr., J.P., Lynch and Clark, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiff and matter remitted to the Supreme Court for the appointment of a referee to compute the amount due plaintiff.



Footnotes

Footnote 1: According to defendant Robert W. Johnson, he has owned and lived in the residence on the subject property for more than 30 years. To avoid an impending real property tax sale in the early 2000s, he deeded the property, without consideration, to Brad Johnson, his son. Because Robert Johnson had a poor credit history, Brad Johnson executed the subject note and mortgage. Robert Johnson also alleges that Brad Johnson was the "paper obligor" and that PHH Mortgage understood that Robert Johnson was the actual borrower.

Footnote 2: Brad Johnson nevertheless remained on the note and mortgage.

Footnote 3: Hayden previously represented Robert Johnson in the constructive trust action and is also a judgment creditor of Robert Johnson.

Footnote 4: This correspondence was exchanged during the pendency of the constructive trust action.