OPINION OF THE COURT
 

 Wesley, J.
 

 At issue here is the interpretation of the term “effective cost of funds” in a loan agreement between R/S Associates and the New York Job Development Authority. Because the term is not ambiguous as used in this agreement, we affirm.
 

 The New York Job Development Authority (JDA) is a public benefit corporation created by constitutional amendment in 1961 (L 1961, ch 443, § 2). Its purpose is to “assist, promote, encourage, develop and advance the general prosperity and economic welfare of the people of the state and improve their standard of living” (Public Authorities Law § 1803 [1]). The JDA pursues this goal by providing loans and loan guarantees to help businesses expand or build facilities in New York or acquire equipment for use in this state
 
 (see id.
 
 § 1803 [2]). Borrowers from the JDA generally do not have access to more traditional funding sources.
 

 Unlike a typical commercial lender, the JDA operates as a conduit funding organization. It finances loans through the sale of either taxable or tax-exempt long-term bonds, guaranteed by the State
 
 (see
 
 Public Authorities Law § 1813). The JDA is self-supporting; all of its operating and administrative expenses — including any loan defaults — are funded through payments made by borrowers.
 

 
 *32
 
 R/S Associates, a real estate holding company, and Ittco Sales Co., Inc., a manufacturer and distributor of automotive accessories (together R/S), have common ownership. With Ittco Sales Co. as guarantor, R/S Associates sought and obtained a commercial loan from the JDA to purchase land and construct a facility in Ronkonkoma, New York. In 1986, the JDA approved a $332,500 loan to R/S Associates, which closed two years later. The loan was funded, along with other loans to other borrowers, through the issuance of a variable rate, tax-exempt bond in the principal amount of $24,610,000. The loan agreement provided that “the rate to be charged by the JDA may be revised from time to time but will not exceed one and one half (l1/2%) percent over JDA’s effective cost of funds.”
 

 After making regular payments on the loan for over a decade, R/S filed a putative class action complaint alleging breach of contract and fraud. R/S claimed that the JDA, in its calculation of the “effective cost of funds” under the loan agreement, improperly included the cost of defaults by other borrowers. In its view, that term includes only the interest rate on the bond sold to finance the loan and the direct costs of issuing that bond, such as the cost of bond counsel, underwriters and letters of credit. R/S sought class certification; the JDA cross-moved for summary judgment dismissing the complaint. R/S then countered with its own motion for partial summary judgment on the issue of liability.
 

 Supreme Court dismissed the complaint. The court held that the JDA properly recovers its operating costs through the interest it charges to borrowers, and that the term “effective cost of funds” includes the interest rate on the bond, the cost of issuance
 
 and
 
 the cost of defaults by other borrowers. The Appellate Division affirmed, noting only that because the term “effective cost of funds” in this agreement is unambiguous “the rules governing the construction of ambiguous contracts were not triggered” (281 AD2d 608, 608). We agree.
 

 We have long adhered to the “sound rule in the construction of contracts, that where the language is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language”
 
 (Springsteen v Samson,
 
 32 NY 703, 706 [1865] [citing
 
 Rogers v Kneeland,
 
 10 Wend 218 (1833)]). We recently reaffirmed this principle, noting that “ ‘when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms’ ”
 
 (Reiss v Financial Performance Corp.,
 
 97 NY2d 195, 198 [2001] [quoting
 
 W.W.W. Assoc. v Giancontieri,
 
 77 NY2d 157, 162 (1990)]).
 

 
 *33
 
 In this loan agreement, the contract term “effective cost of funds” is unambiguous. Under its ordinary usage, the “effective” cost of the funds means the “actual” cost of securing such funds for a specific loan
 
 (see e.g.
 
 5 Oxford English Dictionary 80 [2d ed 1989] [defining “effective” as “actual” or “existing in fact”]). Regardless of borrower defaults, the JDA’s funding mechanism required it to repay the underlying bond when due. Thus, the “actual” or “effective” cost of the funds loaned by the JDA necessarily included the interest it had to pay to bondholders, the cost of issuing the bond
 
 and
 
 the cost of defaults by the borrowers who received loans from bond proceeds. Any other interpretation of this agreement would ignore the import of “effective” in modifying “cost of funds.” The “[l]oss engendered by defaulting borrowers is a readily perceivable risk for any lender, which [the JDA] was entitled to consider in calculating the interest rate charged to [R/S]”
 
 (B & R Children’s Overalls Co. v New York Job Dev. Auth.,
 
 257 AD2d 368, 369 [1st Dept],
 
 lv denied
 
 93 NY2d 810 [1999]).
 

 Because the contract term is unambiguous in this context we need not address R/S’ remaining arguments, based on offers of extrinsic evidence. Unless the court finds ambiguity, the rules governing the interpretation of ambiguous contracts do not come into play
 
 (see Matter of Wallace v 600 Partners Co.,
 
 86 NY2d 543, 548 [1995];
 
 Breed v Insurance Co. of N Am.,
 
 46 NY2d 351, 355 [1978]). Thus, when interpreting an unambiguous contract term “[e]vidence outside the four corners of the document * * * is generally inadmissible to add to or vary the writing”
 
 (W.W.W. Assoc.,
 
 77 NY2d at 162). “ ‘[Ejxtrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face’ ”
 
 (id.
 
 at 163 [quoting
 
 Intercontinental Planning v Daystrom, Inc.,
 
 24 NY2d 372, 379 (1969)];
 
 see Reiss,
 
 97 NY2d at 199).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.