■ CrossMar, Inc., Appellant, v PortfolioScope, Inc., Respondent. [762 NYS2d 878] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 6, 2003, which, inter alia, granted defendant's cross motion for partial summary judgment, declaring, inter alia, that plaintiff does not have exclusive time-sharing rights to the subject software other than with "affiliates" and "customers," as defined in the governing Software Agreement, and that plaintiff is obligated under the Software Agreement to deliver to defendant a copy of the source and executable code of the most current version of the software, and dismissing plaintiff's first and second causes of action, unanimously affirmed, without costs.

Where the language of a contract is clear and unambiguous, the contract must be interpreted by reference to that language alone, without resort to extrinsic evidence (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002]). Here, the court properly held that the plain language of the Software Agreement, particularly its defined term "customers," required the conclusion that the license grant of exclusivity to plaintiff with respect to offering a service bureau was limited to plaintiff's external customers using the subject software on a service bureau basis from plaintiff, and to plaintiff's affiliates.

The motion court also properly held that the governing Software Agreement gave rise to an implied obligation on plaintiff's part to deliver to defendant the most recent version of the subject software (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]). We note in this connection that, pursuant to the Agreement, defendant retains full ownership of the software, which its predecessor in interest designed and developed.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Saxe and Williams, JJ.