ALIXANDRA C. BAKER et al., Appellants, v 16 SUTTON PLACE APARTMENT CORPORATION, Respondent. [898 NYS2d 131]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 27, 2008, which denied plaintiffs' motion for a permanent injunction and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant's cross motion, and otherwise affirmed, with costs.

Plaintiffs, the tenants-shareholders of a penthouse apartment in defendant cooperative's residential building, seek an injunction precluding defendant from utilizing the common-area roof as a garden. Plaintiffs' apartment, which is on the building's lower roof, includes a terrace that is adjacent to, and wraps around, the apartment itself; the upper common-area roof overlooks plaintiffs' terrace. In support of their motion, plaintiffs rely on paragraph 7 of article I of the proprietary lease (paragraph 7), as well as certain Building Rules and Regulations. Paragraph 7 states, in relevant part, "Lessor shall have the right to erect equipment on the roof, including radio and television aerials and antennas, for its use and the use of the lessees in the Building and shall have the right of access thereto for such installations and for the maintenance and repair thereof." According to plaintiffs, the specific grant of these two rights—the right to erect equipment and the related right of access—unambiguously excludes other rights, including any right of defendant to maintain a garden on the upper roof. Plaintiffs argue that this conclusion is required by the well-settled interpretive precept *"inclusio unius est exclusio alterius"* (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 404 [1984]), and that even if paragraph 7 were ambiguous,

it should be construed against defendant as the drafter of the lease (see *Uribe v Merchants Bank of N.Y.*, 91 NY2d 336, 341 [1998]).

Defendant argues that paragraph 7 regulates the rights of shareholders to use terraces, balconies and portions of the roof adjoining their apartments, not the common areas of the upper roof. It further argues that even if paragraph 7 does apply to the upper roof, it does not state that erecting equipment is the only permitted use.

Paragraph 7 does not unambiguously support either side. With respect to defendant's position, the contention that paragraph 7 does not address the common roof areas is refuted by the plain language above-quoted. Other provisions of paragraph 7 do address the rights of shareholders to use terraces, balconies and "portion[s] of the roof adjoining" their apartments, but the quoted language, which refers simply to "the roof," clearly grants rights to defendant relating to the common roof; defendant's fall-back position renders the quoted language surplusage (see *Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007] ["A reading of the contract should not render any portion meaningless"]). After all, defendant would enjoy the same broad right to erect equipment and the same right of access if the provision were not in the lease.

Defendant's reliance on Building Rule and Regulation 14 is misplaced. Indeed, rule 14 is irrelevant, because it purports only to prohibit shareholders from placing "planting beds . . . boxes or planting containers . . . on roof or penthouse terraces or balconies except . . . in accordance with the terms of a special written agreement with the Lessor."

Nor are plaintiffs entitled to summary judgment. Because the parties may have intended the quoted language to play the limited office of emphasizing the specified rights, we should not be quick to conclude that paragraph 7 impliedly excludes all other uses of the upper roof (see *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). Nor should this ambiguity be construed against defendant as the drafter of the lease without the aid of extrinsic evidence. We note, too, that a permanent injunction would appear to be unwarranted if defendant could defeat plaintiffs' claim by amending paragraph 7 (a subject about which we express no opinion). In any event, because the provision is ambiguous, the parties should be permitted to introduce extrinsic proof bearing on its intended meaning (*Evans v Famous Music Corp.*, 1 NY3d 452, 459 [2004]).

With regard to plaintiffs' argument that because they are the

sole residents of the top floor, permitting other residents to utilize the hallway leading to their apartment to reach the proposed roof garden would violate Building Rule and Regulation 1, which limits the use of the hallways to ingress and egress from apartments, and interfere with their license, pursuant to rule 8, to decorate and maintain the hallway, by causing "unreasonable wear and tear" to the improvements they made to the hallway, they fail to establish that they are entitled to the exclusive use of the hallway or that their license to decorate would be infringed by permitting others access to the hallway. Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ. **[Prior Case History: 2008 NY Slip Op 30586(U).]**