■ TEXAS 1845, LLC, Respondent, v MYINT J. KYAW, Appellant. [986 NYS2d 574]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated September 12, 2012, as denied that branch of his motion which was to vacate a judgment by confession entered July 3, 2012.

Ordered that the order is affirmed insofar as appealed from, with costs.

Between December 2006 and October 2008, the defendant executed three "absolute, primary and direct" personal guarantees (hereinafter collectively the guarantees) that secured the respective payment of three promissory notes totaling in excess of $20 million (hereinafter collectively the notes), to induce the plaintiff's predecessor in interest to finance the purchase of two aircraft by Wu Aviation Corp. and Wu Aircraft Corp. (hereinafter together the Wu entities). As president of the Wu entities, the defendant also executed an "Aircraft Security Agreement" for each of the two aircraft (hereinafter together the security agreements), respectively known as a "Hawker" and a "Bombardier," which pledged the Hawker and the Bombardier as collateral under the notes. In relevant part, the security agreements provided that the rights of the secured party were "absolute and unconditional, irrespective of . . . the failure of the Secured Party to . . . exercise any right or remedy against any Guarantor of, or collateral securing, any of the Obligations" thereunder.

The notes, the guarantees, and the security agreements were assigned to the plaintiff in December 2010.

The plaintiff commenced this action against the defendant on October 17, 2011, to recover damages for breach of contract, as of December 31, 2010, in the sum of $18,882,965.94, based on the defendant's alleged failure to meet his obligations under the guarantees.

On March 1, 2012, the parties entered into a written settlement agreement which, inter alia, required the defendant to execute an affidavit of judgment by confession in the amount of $24,744,833.56, representing the unpaid balance on the notes and the guarantees, to be entered in this action if the defendant defaulted on "any" term of the settlement agreement (hereinafter the judgment by confession).

The substance of the settlement agreement required the defendant to pay the reduced sum of $13 million to the plaintiff in three installments on or before June 1, 2012, all of which were timely made and are not disputed on appeal. At Paragraph 4 (b), the settlement agreement also required the defendant to deliver title and related documents for the Hawker and the "Hawker Collateral" in airworthy condition, no later than March 28, 2012, as follows:

"4. *Transfer of the Hawker Collateral* The Wu Defendants agree to transfer title and possession of the Hawker . . . . in accordance with the terms set forth below: . . .

"b. No later than March 28, 2012, the Wu Defendants shall prepare and execute all necessary documents to transfer title to the Hawker Collateral to Texas 1845, and shall transfer, transport or otherwise deliver the Hawker Collateral."

On or about March 12, 2012, the parties modified the settlement agreement pursuant a first amendment relating to the entry of the judgment by confession, followed by a second amendment dated April 11, 2012 (hereinafter the second amendment). The second amendment increased the defendant's liability to $14 million, based on his failure to deliver the Hawker by March 28, 2012, and substituted the following provision at Paragraph 4 (b) (hereinafter the delivery provision): "The Wu Defendants shall *immediately prepare and execute all necessary documents* to transfer title to [the] Hawker Collateral to Texas 1845, and *shall transfer, transport or—otherwise deliver the Hawker Collateral*" (emphasis added).

Although the defendant timely made all of the installment payments, and immediately delivered title to the Hawker and related documents, he failed to deliver the aircraft itself. After repeated inquiries commencing April 20, 2012, regarding its delivery, the plaintiff, in a letter dated June 22, 2012, sent the defendant a formal 10-day notice to cure his default. After the defendant failed to deliver the Hawker within those 10 days, the plaintiff filed the judgment by confession on July 3, 2012, in the reduced amount of $12,326,530.82, which reflected the defendant's payment of $14 million under the settlement agreement.

On July 12, 2012, the defendant moved, inter alia, to vacate the filing and entry of the judgment by confession and to stay its further enforcement. The defendant argued that the judgment by confession was improperly entered because he did not breach the delivery provision. The defendant argued that, unlike the original provision requiring the Hawker to be delivered no later than March 28, 2012, the delivery provision only contained a "specified time parameter[ ] for the payment of money—not the delivery of the Hawker."

In an order dated September 12, 2012, the Supreme Court denied the motion to vacate the judgment by confession, and rejected the defendant's construction of the delivery provision. The court noted, inter alia, that the email correspondence between the parties' attorneys during the negotiation of the second amendment supported the plaintiff's contention that the delivery provision required the defendant to immediately deliver possession as well as title to the Hawker as of the date of the second amendment, and that his failure to do so entitled the plaintiff to file the judgment by confession without notice.

The Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the judgment by confession.

A settlement agreement is a contract which is subject to the ordinary rules of contract construction (*see Cervera v Bressler*, 106 AD3d 683 [2013]). "A written agreement that is complete, clear, and unambiguous on its face must be enforced so as to give effect to the meaning of its terms and the reasonable expectations of the parties, and the court should determine the intent of the parties from within the four corners of the contract without looking to extrinsic evidence to create ambiguities" (*Wider Consol., Inc. v Tony Melillo, LLC*, 107 AD3d 883, 884 [2013]; *see Kimso Apts., LLC v Gandhi*, 104 AD3d 742, 743 [2013], *lv granted* 22 NY3d 854 [2013]). "An agreement 'is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Wider Consol., Inc. v Tony Melillo, LLC*, 107 AD3d at 884, quoting *Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.*, 10 AD3d 699, 699 [2004] [internal quotation marks omitted]).

However, to the extent that the delivery provision ambiguously separated the defendant's "immediate" obligation to deliver the Hawker documents from his obligation to deliver the aircraft itself, without indicating a time or date to do so, the Supreme Court properly considered extrinsic evidence to ascertain that the parties intended that, upon the execution of the second amendment on April 11, 2012, the defendant was to immediately deliver the Hawker aircraft as well as the documents relating to the ownership of the Hawker aircraft (*cf. Last Time Beverage Corp. v F & V Distrib. Co., LLC*, 98 AD3d 947 [2012]; *Dorman v Cohen*, 66 AD2d 411, 414 [1979]; *JP Morgan Chase Bank, N.A. v Cellpoint Inc.*, 54 AD3d 366 [2008]).

The defendant's remaining contention is improperly raised for the first time on appeal. Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.