■ Texas 1845, LLC, Respondent, v Myint J. Kyaw, Appellant. [986 NYS2d 577]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered February 21, 2013, as denied that branch of his motion which was for leave to renew his prior motion to vacate a judgment by confession entered July 3, 2012.

Ordered that the order entered February 21, 2013, is affirmed insofar as appealed from, with costs.

On November 26, 2012, the defendant moved, inter alia, for leave to renew his prior motion, which was to vacate a judgment by confession entered by the plaintiff on July 3, 2012 (hereinafter the judgment). The judgment was entered after the defendant breached his obligation under a governing settlement agreement requiring him to immediately deliver certain collateral to the plaintiff, consisting of a "Hawker" aircraft (hereinafter the collateral) (see Texas 1845, LLC v Kyaw, 117 AD3d 1028 [2014] [decided herewith]).

In an order dated September 12, 2012, the Supreme Court denied the motion to vacate the judgment, and rejected the defendant's contention that the parties' agreement did not require "immediate" delivery of the collateral since it did not expressly provide a date certain for delivery. On a related appeal, this Court affirmed the order dated September 12, 2012 (see id.). As the allegedly "new" evidence submitted in support of the defendant's motion to renew related to the defendant's contention that the plaintiff was partly responsible for the delay in delivering the collateral, the Supreme Court properly denied the motion because the new evidence submitted did not alter the analysis applicable to the original motion, and would not have changed the court's prior determination (see CPLR 2221 [e] [3]; Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800 [2013]; Fales v Fales, 102 AD3d 734 [2013]; Kaya v B & G Holding Co., LLC, 101 AD3d 685 [2012]). Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.