MOREFUN CO., LTD. V. MARIO BADESCU SKIN CARE INC.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand fourteen.

PRESENT: DENNIS JACOBS,
       DEBRA ANN LIVINGSTON,
       RAYMOND J. LOHIER, Jr.,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
**MOREFUN CO., LTD.,**
      **<u>Plaintiff-Appellant</u>,**

      **-v.-**                       14-2405

**MARIO BADESCU SKIN CARE INC.,**
      **<u>Defendant-Appellee</u>.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**         DANIEL L. BROWN, Sheppard, Mullin, Richter & Hampton LLP, New York, New York.

**FOR APPELLEE:**          EDWARD M. LARKIN (<u>with</u> Zachary W. Silverman <u>on the brief</u>),

1

Edwards Wildman Palmer LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Morefun Co. appeals from the judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>), granting the motion of defendant Mario Badescu Skin Care Inc. ("MBSC") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> the grant of a motion to dismiss under Rule 12(b)(6), "accepting as true factual allegations made in the complaint, and drawing all reasonable inferences in favor of the plaintiffs."  <u>Town of Babylon v. Fed. Hous. Fin. Agency</u>, 699 F.3d 221, 227 (2d Cir. 2012).  We also apply <u>de novo</u> review to "both whether a contract is ambiguous, and, when the district court finds a contract unambiguous, its interpretation of the contract."  <u>Bank of N.Y. v. First Millennium, Inc.</u>, 607 F.3d 905, 914 (2d Cir. 2010) (internal citations omitted).

Morefun was the Korean distributor of Mario Badescu Healing Cream, a product of MBSC.  After purchasing seven batches of Mario Badescu Healing Cream and distributing it in the Republic of Korea, Morefun learned that one batch ("Batch 372") was tainted with steroids.  At great expense to Morefun, the Korean Food and Drug Administration issued an order for the recall and destruction of every unit that had been a part of Batch 372.  The parties entered a Settlement Agreement on June 10, 2013, with MBSC agreeing to pay $492,000 and to partially indemnify Morefun in exchange for Morefun's release of claims "arising from or in connection with [Morefun]'s purchase or sale of the Product from MBSC."  (Settlement Agreement ¶ 4.)  The very next month, both Morefun and the Korean public learned that the

other batches of Mario Badescu Healing Cream were similarly tainted with steroids, prompting a comprehensive recall of the other six batches.  Morefun filed this action against MBSC in the U.S. District Court for the Southern District of New York to recover up to $1.7 million, the cost of this comprehensive recall.

New York law, which governs in this diversity action, provides that "[g]enerally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release."  Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V., 952 N.E.2d 995, 1000 (N.Y. 2011) (internal quotation marks omitted).  This precept gains even more strength when the release is unambiguous: "[w]here . . . the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties."  Booth v. 3669 Delaware, Inc., 703 N.E.2d 757, 758 (N.Y. 1998) (quoting Mangini v. McClurg, 249 N.E.2d 386, 390 (N.Y. 1969)).

Morefun's claims are barred by the Settlement Agreement.  Morefun agreed that it

> waives all legal or equitable claims both direct and indirect including but not limited to the loss of good will which it may have against MBSC arising from or in connection with [Morefun]'s purchase or sale of the Product from MBSC and shall not take any action against MBSC, legal or otherwise, in respect of such purchase and hereby releases and discharges MBSC from any further liability with respect thereto except as has been set forth in Paragraphs 2 [regarding the $492,000 payment from MBSC] and 3 [regarding indemnification].

(Settlement Agreement ¶ 4.)  At the outset, the Settlement Agreement defines "Product" as "Mario Badescu Healing Cream."  (Id. ¶ A.)  A plain reading of the Settlement Agreement therefore releases MBSC from all claims "arising from or in connection with [Morefun]'s purchase or sale of the Product [meaning Mario Badescu Healing Cream] from

3

MBSC." This litigation falls squarely within that unambiguous release.

Seeking to avoid this conclusion, Morefun contends that the meaning of "Product" is ambiguous, referring alternatively to: (a) Mario Badescu Healing Cream, or (b) the specific batch of product whose recall prompted the settlement. But on the face of the contract, this ambiguity is illusory. While the interpretation of "Product" as "Mario Badescu Healing Cream" finds support in the plain language based on an explicit definition, the alternative interpretation as limited to Batch 372 has no basis in the contract wording: Morefun concedes as much by relying on parol evidence for its narrow reading of "Product." Parol evidence "is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." R/S Assocs. v. N.Y. Job Dev. Auth., 771 N.E.2d 240, 242 (N.Y. 2002) (quoting W.W.W. Assocs., Inc. v. Giancontieri, 566 N.E.2d 639, 642 (N.Y. 1990)). The release unambiguously applies to claims related to Morefun's purchase or sale of Mario Badescu Healing Cream from MBSC, including the claims in this litigation.

Morefun further challenges the release by alleging that MBSC defrauded Morefun into signing the Settlement Agreement. A plaintiff can avoid a signed release by "show[ing] that there has been fraud"; however, if the release is broad enough to encompass fraud claims, the plaintiff cannot rely on fraudulent inducement unless "it can identify a separate fraud from the subject of the release." Centro Empresarial Cempresa, 952 N.E.2d at 1000. In this case, the alleged fraud took the form of MBSC's assurances (nowhere memorialized in the contract) relating to the skin care product that Morefun had purchased from MBSC. The release, in turn, encompasses all claims relating to Morefun's purchase of skin care product from MBSC. Therefore, Morefun has not "identif[ied] a separate fraud from the subject of the release" as required under New York law. The fraud allegations are no barrier to enforcement of the release.

4

For the same reason, we agree with the dismissal of Morefun's claim for rescission of the Settlement Agreement. A release that encompasses fraud claims cannot be rescinded on the basis of the same fraud that is the subject of the release.  See Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 527 (2d Cir. 1985).  As to the cause of action for indemnification, Morefun does not challenge on appeal the district court's conclusion that Morefun abandoned the claim as unripe.

For the foregoing reasons, and finding no merit in Morefun's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK