Brembo S.P.A. v T.A.W. Performance LLC (2021 NY Slip Op 05162)





Brembo S.P.A. v T.A.W. Performance LLC


2021 NY Slip Op 05162


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 654931/17 Appeal No. 14243 Case No. 2020-04540 

[*1]Brembo S.P.A., Plaintiff-Respondent,
v
T.A.W. Performance LLC, Defendant-Appellant.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Robert A. Spolzino of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.) entered on or about June 29, 2020, which, to the extent appealed as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on its claims for breach of contract and specific performance, unanimously affirmed, with costs.
The motion court properly granted summary judgment as to liability on plaintiff's causes of action for breach of contract and specific performance, as plaintiff submitted its exclusive distribution agreement with defendant, evidence of plaintiff's performance, defendant's acknowledged nonpayment of various invoices under the agreement, and defendant's failure to return plaintiff's unsold goods following termination of the agreement (see Valenti v Going Grain, Inc., 159 AD3d 645 [1st Dept 2018]). Contrary to defendant's contention, the agreement was not ambiguous, and therefore recourse to extrinsic evidence was not permitted to determine the parties' obligations (R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 32 [2002]). Thus, although defendant would have this Court read into the agreement more robust obligations on plaintiff's part to enforce its exclusivity provisions, we decline to do so.
Under paragraph 7.6 of the parties' distribution agreement, "[Plaintiff] shall supply [its] Products only to [Defendant] for resale in the Territory," and defendant does not dispute that plaintiff did so. Rather, defendant insists that the provision required plaintiff to police its European distributor to ensure that its European dealers were not encroaching on defendant's territory. We do not read the provision to include such an expansive obligation on plaintiff's part (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]). In any event, plaintiff presented evidence that it took steps to protect defendant's exclusivity by offering to create a U.S.-only logo for defendant's exclusive use and offering special pricing on certain items to defendant, both of which offers defendant admits having rejected.
Defendant's arguments under paragraph 5.4 of the agreement fare no better. Under that provision, plaintiff was required to "cooperate" with defendant when it "makes a reasonable request for [plaintiff] to notify eBay regarding any . . . products being sold on eBay by distributors, foreign and domestic in contravention of the exclusivity provisions of this Agreement." Although defendant asserts that plaintiff breached this provision by requiring it to seek plaintiff's permission before using eBay's intellectual property complaint (VeRO) program, this was only after defendant used the VeRO program for the purposes of reporting third-party dealers that were undercutting defendant's prices rather than to protect plaintiff's intellectual property. Although defendant urges that these sales constituted "gray market sales," which are subject to liability under the Lanham Act (see e.g. Dan-Foam A/S v Brand [*2]Named Beds, LLC, 500 F Supp 2d 296, 308-309 [SD NY 2007]), we find this argument inapposite to the question of whether plaintiff fulfilled its obligations under paragraph 5.4. Plaintiff's obligation under that term was to cooperate with defendant by notifying eBay of potential violations, and defendant failed to rebut plaintiff's evidence that it did so.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021