New Ch. Capital, Inc. v Karambelas (2021 NY Slip Op 05670)





New Ch. Capital, Inc. v Karambelas


2021 NY Slip Op 05670


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Index No. 653965/19 Appeal No. 14404-14404A Case No. 2020-04234, 2020-04235 

[*1]New Chapter Capital, Inc., Plaintiff-Appellant,
v
Andrea Karambelas, Defendant-Respondent, Wildon R. Kaplan etc., Defendant.


Shaw & Binder, P.C., New York (Stuart F. Shaw of counsel), for appellant.
Michael P. Lagnado, New York, for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 1, 2020, which granted defendant Wildon R. Kaplan's motion to dismiss the complaint as against him, unanimously affirmed, with costs. Order, same court and Justice, entered on or about September 14, 2020, to the extent it granted defendant Andrea Karambelas's motion to dismiss the complaint as against her and denied plaintiff's motion to renew defendant Wildon R. Kaplan's motion, unanimously affirmed, with costs, and appeal therefrom to the extent it denied plaintiff's motion to reargue unanimously dismissed, without costs, as taken from a nonappealable paper.
The relevant paragraph of the litigation financing agreement, pursuant to which plaintiff purchased from the decedent the right to receive certain proceeds in the decedent's divorce action, was clear and unambiguous. Therefore, extrinsic evidence was not admissible to explain its meaning (see R/S Assocs. v New York Job Dev. Auth., 98 NY2d 29, 33 [2002]).
That the agreement expressly provided for recovery of advances in certain circumstances, but did not expressly provide for recovery of advances upon the death of the claim seller, supports a finding that plaintiff has no right to repayment of the advances upon the decedent's death prior to any award or recovery (see Baker v 16 Sutton Place Apartment Corp., 72 AD3d 500, 500-501 [1st Dept 2010]). The motion court's interpretation of the relevant paragraph did not deprive any part of the agreement of effect or meaning (see Two Guys from Harrison-N.Y., Inc. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984]).
Plaintiff presented no new evidence in support of its motion to renew (see CPLR 2221[e]). Nor was plaintiff prejudiced by the clerical errors in the dating of the first order, the omission of some papers from the recitation of papers considered, and the delayed entry of the order. Thus, contrary to plaintiff's contention, none of these purported irregularities provides a basis for renewal.
We have considered plaintiff's remaining contentions and find them unavailing, if not academic in light of the foregoing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021