Herskowitz v Wesley Hills Ctr., LLC (2022 NY Slip Op 01993)





Herskowitz v Wesley Hills Ctr., LLC


2022 NY Slip Op 01993


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-13848
 (Index No. 30574/15)

[*1]Joseph Herskowitz, appellant,
v
Wesley Hills Center, LLC, respondent.


Joseph J. Haspel, Goshen, NY, for appellant.
Richard A. Glickel, West Nyack, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated November 9, 2018. The judgment, insofar as appealed from, upon a decision of the same court dated October 9, 2018, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the cause of action to recover damages for breach of contract.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff tenant commenced this action, inter alia, to recover damages for breach of an option agreement (hereinafter the agreement) with the defendant landlord. After a nonjury trial, the Supreme Court determined, among other things, that the agreement was ambiguous, and that the evidence established that the agreement was unenforceable for lack of a meeting of the minds as to a material element.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony" (Rudovic v Rudovic, 190 AD3d 997, 998 [internal quotation marks omitted]; see Central Park Capital Group, LLC v Machin, 189 AD3d 984, 985).
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29). "An agreement is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (Texas 1845, LLC v Kyaw, 117 AD3d 1028, 1031 [internal quotation marks omitted]; see Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d 699). "Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or where its terms are subject to more than one reasonable interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [citations and internal quotation marks omitted]). "Where the offeror, using ambiguous language, reasonably means one thing and the offeree reasonably understands differently, there is no contract" (Computer Assoc. Intl., [*2]Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d at 700).
Here, the Supreme Court properly concluded that the agreement was ambiguous and susceptible of more than one reasonable interpretation, as it used the term "tenant" to refer both to the plaintiff and to a potential new supermarket operator that the plaintiff agreed to provide (see Merchants Mut. Ins. Co. v Rutgers Cas. Ins. Co., 84 AD3d 756, 757). Contrary to the plaintiff's contention, the rule that ambiguous language in a contract will be construed against the drafter is not applicable here, because the agreement resulted from negotiations between commercially sophisticated parties (see Shadlich v Rongrant Assoc., LLC, 66 AD3d 759, 760; Coliseum Towers Assoc. v County of Nassau, 2 AD3d 562, 565)
"A contract is unenforceable where there is no meeting of the minds between the parties regarding a material element thereof" (Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d at 700; see Otto v Dureja, 113 AD3d 829, 830; Brands v Urban, 182 AD2d 287, 289). Here, the Supreme Court's determination that there was no meeting of the minds as to a material term of the agreement was supported by the evidence (see 6115 Niagara Falls Blvd., LLC v Calamar Constr. Mgt., Inc., 193 AD3d 1436, 1440; Petkanas v Petkanas, 191 AD3d 708; Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d at 700). Accordingly, the court properly granted judgment in favor of the defendant dismissing the cause of action to recover damages for breach of contract.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court