Liptis Pharms. USA, Inc. v Liptis for Pharms. & Med. Prods., SAE (2024 NY Slip Op 03476)

Liptis Pharms. USA, Inc. v Liptis for Pharms. & Med. Prods., SAE

2024 NY Slip Op 03476

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-04084
 (Index No. 35274/21)

[*1]Liptis Pharmaceuticals USA, Inc., respondent, 
v
Liptis for Pharmaceuticals and Medical Products, SAE, appellant.

The Klein Law Group CRE PLLC, New York, NY (Efrem Z. Fischer of counsel), for appellant.
Feerick Nugent MacCartney PLLC, South Nyack, NY (Donald J. Feerick, Jr., and Matthew W. Lizotte of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated April 28, 2022. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendant's counterclaim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging, among other things, that the defendant breached a manufacturing and supply agreement (hereinafter the master agreement) between the parties, where in exchange for the exclusive right to manufacture and sell certain of the plaintiff's pharmaceutical products in Egypt, the defendant agreed to purchase the raw materials for these products exclusively from the plaintiff. According to the plaintiff, the defendant purchased raw materials from a different supplier and sold the plaintiff's products outside of Egypt in violation of the terms of the master agreement. In its answer, the defendant asserted a counterclaim to recover damages for breach of contract, alleging, among other things, that the plaintiff failed to fulfill certain purchase orders. The plaintiff thereafter moved pursuant to CPLR 3211(a) to dismiss the counterclaim. In an order dated April 28, 2022, the Supreme Court, inter alia, granted the plaintiff's motion. The defendant appeals.
The Supreme Court properly directed dismissal of the defendant's counterclaim pursuant to CPLR 3211(a)(7). In reviewing a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), "a court must accept as true the facts as alleged in the pleading, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Burton v Porcelain, 223 AD3d 775, 776 [internal quotation marks omitted]; see Wand, Powers & Goody, LLP v Yuliano, 144 AD3d 1017, 1018). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d [*2]268, 275; see Whelan v Cuomo 220 AD3d 979, 980).
When the language of a contract is "clear, unequivocal and unambiguous, the contract is to be interpreted by its own language" (R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 32 [internal quotation marks omitted]; see Herskowitz v Wesley Hills Ctr., LLC, 203 AD3d 1031, 1032). "'An agreement is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion'" (Herskowitz v Wesley Hills Ctr., LLC, 203 AD3d at 1032, quoting Texas 1845, LLC v Kyaw, 117 AD3d 1028, 1031).
Here, the plaintiff established through its submission of the master agreement that each purchase order was governed by the terms of the master agreement and did not constitute independent agreements capable of supporting a breach of contract cause of action and, therefore, the defendant did not have a counterclaim sounding in breach of contract. Contrary to the defendant's contention, the master agreement unambiguously provides that purchase orders are to be governed by the master agreement's terms and not by the purchase orders' own terms as stand-alone contracts for the sale of goods (see R/S Assoc. v New York Job Dev. Auth., 98 NY2d at 33).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendant's counterclaim.
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court