NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0194n.06

No. 25-1004

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

In re: SETTLEMENT FACILITY DOW
CORNING TRUST.

_____

KOREAN CLAIMANTS,

     Interested Parties-Appellants,

v.

DOW SILICONES CORP., et al.,

     Interested Parties-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Apr 10, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

OPINION

Before: SUTTON, Chief Judge; READLER and BLOOMEKATZ, Circuit Judges.

READLER, Circuit Judge. The saga of Dow Corning Corporation's bankruptcy continues. Once the longtime leader of silicone-gel breast-implant manufacturing in the United States, the company's success abruptly ended in 1992 when the Food and Drug Administration ordered sharp restrictions on using such implants, given their connection to various auto-immune diseases. Hundreds of thousands of possibly affected implant recipients sued shortly thereafter, driving Dow to file for reorganization under Chapter 11 of the Bankruptcy Code in 1995.

In this latest installment, the self-described Korean Claimants, a group of South Korean residents who opted to settle their claims and now seek over $6 million, challenged a motion to terminate Dow's funding obligations under the bankruptcy plan. The district court granted the motion over their objections. We affirm.

I.

In general, a confirmed bankruptcy plan, such as the one here, "bind[s]" the debtor and any creditor. 11 U.S.C. § 1141(a). Because "the plan is effectively a new contract between the debtor and its creditors," we interpret it using "contract principles." *In re Dow Corning Corp.*, 456 F.3d 668, 676 (6th Cir. 2006). The parties agree that, consistent with the plan's choice-of-law clause, New York law controls. *See Wesco Ins. v. Roderick Linton Belfance, LLP*, 39 F.4th 326, 335 (6th Cir. 2022).

In the Empire State, contract terms "must be enforced according to the[ir] plain meaning" when the contract "is complete, clear and unambiguous on its face." *Greenfield v. Philles Recs., Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002). Turn, then, to the bankruptcy plan's funding agreement. Dow's financial obligations, the agreement states, end "when all Allowed Claims [for enumerated classes that include the Korean Claimants] and all other obligations . . . have been paid, all Claims filed have been liquidated and paid or otherwise finally resolved, and no new timely Claims have been made." R. 1796-2, PageID#42362–63.

Each of these conditions has been met. The Claims Administrator, an individual assigned to "oversee the processing and payment of Claims by the Settlement Facility," R. 1796-1, PageID#42258, performed "due diligence" for many claims—including those pursued by the Korean Claimants—and "confirm[ed] that all eligible claimants who complied with the deadlines . . . and procedures required" had received their checks, R. 1796-7, PageID#42626. Likewise, the Independent Assessor, a third party assigned to oversee and assist "the development of projected funding requirements," R. 1796-3, PageID#42426, explained that "[b]ased on the claim and financial data, . . . all timely claims that are eligible for payment and that have met the requirements established by the [district court] for payment have been sent a payment," R. 1796-8,

PageID#42633.  The Independent Assessor therefore concluded that "no pending outstanding claims remain[] to be paid." *Id.*  Lastly, no new claims can be made because the final deadlines have passed for filing claims and distributing payments.  *See In re Settlement Facility Dow Corning Tr.*, No. 23-1936, 2024 WL 4710155, at *2 (6th Cir. Nov. 7, 2024).

II.

Resisting this conclusion, the Korean Claimants argue that the phrases "Allowed Claims" and "otherwise finally resolved" are ambiguous.  We disagree.  These contested provisions of the bankruptcy plan are "reasonably susceptible of only one meaning."  *White v. Cont'l Cas. Co.*, 878 N.E.2d 1019, 1021 (N.Y. 2007) (citation omitted).

Start with "Allowed Claims."  The Korean Claimants believe this phrase lacks a contractual definition and that it can reasonably include an otherwise eligible claim deemed defective due to a procedural condition for payment, such as the failure to verify one's address.  Yet the bankruptcy plan defines "Allowed Claims," in the context of the settled product liability claims here, as those that "ha[ve] been approved for payment pursuant to the [settlement agreement]."  R. 1796-1, PageID#42253.  The funding agreement "incorporated" this definition, R. 1796-2, PageID#42359, so it governs here, *see Mencher v. Weiss*, 114 N.E.2d 177, 180 (N.Y. 1953) ("Those who contract with each other may write their own glossary or dictionary.").  Accordingly, an "Allowed Claim" has—by its definition—met *all* criteria needed to be "approved for payment pursuant to the [settlement agreement]."  Such criteria cover substantive eligibility and procedural payment-processing rules alike, including rules from closing orders entered "in aid of" the bankruptcy plan and settlement agreement.  R. 1796-1, PageID#42325.

"[O]therwise finally resolved" is also unambiguous.  By its plain meaning, "resolved" describes claims "decide[d], determine[d], [or] settle[d]."  *Resolve*, 13 Oxford English Dictionary

3

724 (2d ed. 1989). "Finally," in turn, narrows these resolutions to those "ma[de] [in] a complete end" such that they are "not to be reversed or altered." *Finally*, 5 Oxford English Dictionary, *supra*, at 921; *see also R/S Assocs. v. N.Y. Job Dev. Auth.*, 771 N.E.2d 240, 242 (N.Y. 2002) (consulting same dictionary to glean plain meaning of contract). Consistent with this understanding, claims against Dow qualify as "finally resolved" through several routes. Many were irreversibly decided when the settlement facility approved claims and disbursed checks that the intended recipient cashed. Others, by contrast, were irreversibly decided when the Claims Administrator (and the Appeals Judge, the individual assigned to review the Claims Administrator's rulings) declined to disburse a check due to, say, inadequate medical records, an unverified address, or untimeliness—all of which are binding and unreviewable decisions. *In re Settlement Facility Dow Corning Tr.*, No. 24-1653, 2025 WL 488635, at *1–2 (6th Cir. Feb. 13, 2025) (per curiam). The Korean Claimants sit in this latter camp. *See, e.g.*, *id.* at *1, *3.

Even then, say the Korean Claimants, their claims were never finally resolved because they remain unpaid. But payment is just one of many means to resolve a claim. The funding agreement confirms as much. "Claims," it instructs, can be "paid or otherwise finally resolved." R. 1796-2, PageID#42363. By equating "resolved" with "paid," the Korean Claimants overlook the plain meaning of "otherwise." That term usually "follow[s] a noun, adjective, adverb, or verb, to signify a corresponding word *of opposite or different meaning*." *Otherwise*, 10 Oxford English Dictionary, *supra*, at 984 (emphasis added). Their reading also renders superfluous the phrase "or otherwise finally resolved," a problematic outcome, given that reducing contractual language to mere surplusage is "a result to be avoided." *In re Viking Pump, Inc.*, 52 N.E.3d 1144, 1151 (N.Y. 2016) (citation omitted).

The Korean Claimants' remaining contentions merit little response. For example, they cite their recent demands for payment as evidence that timely claims continue to occur. Yet such demands do not qualify as claims, nor, it bears reminding, were they made within the applicable filing deadlines. *See, e.g.*, *In re Settlement Facility Dow Corning Tr.*, 2024 WL 4710155, at *2. They also allege that the Claims Administrator has habitually lied, discriminated against the Korean Claimants, and concealed key documents. Those accusations lack any record support. And, here too, we have already rejected the crux of their reasoning elsewhere. *Id.* at *3–4; *In re Settlement Facility Dow Corning Tr.*, 2025 WL 488635, at *3. At any rate, the Claims Administrator's correspondence cannot alter the unambiguous meaning of the bankruptcy plan's text. *See, e.g.*, *Tomhannock, LLC v. Roustabout Res., LLC*, 128 N.E.3d 674, 675 (N.Y. 2019). Lastly, the Korean Claimants argue their claims are not finally resolved because they intend to "continue fighting" until they secure payment. Appellant Br. 33. There is nothing left to fight. As explained, the Claims Administrator and Appeals Judge have reached final decisions for all the Korean Claimants, none of which can be further appealed. *In re Settlement Facility Dow Corning Tr.*, 2025 WL 488635, at *1; *see also* Fed. R. App. P. 38.

\* \* \* \* \*

We affirm.