Babadzhanov v B & L Health, Inc.

2026 NY Slip Op 03284

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Aleksandr Babadzhanov, appellant,

v

B & L Health, Inc., etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2022-07507, (Index No. 616424/18)

Hector D. LaSalle, P.J.

William G. Ford

Helen Voutsinas

James P. McCormack, JJ.

Dantzig & Zigman, P.C., Carle Place, NY (Susan E. Dantzig and Peter Chatzinoff of counsel), for appellant.

Lawrence H. Silverman, Commack, NY, for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered July 25, 2022. The judgment, insofar as appealed from, upon a decision of the same court dated November 23, 2021, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the complaint.

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for breach of an oral loan agreement. In a decision dated November 23, 2021, made after a nonjury trial, the Supreme Court determined, among other things, that the oral loan agreement was unenforceable for lack of a meeting of the minds as to its material elements. Subsequently, on July 25, 2022, the court entered a judgment, inter alia, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case, that the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Rimberg v Horowitz, 206 AD3d 832, 833).

To create a binding and enforceable contract, there must be a showing that the parties are in agreement as to all material terms (see Petkanas v Petkanas, 191 AD3d 708). Here, the Supreme Court's determination that there was no meeting of the minds as to material terms of the oral loan agreement was supported by the evidence (see Herskowitz v Wesley Hills Ctr., LLC, 203 AD3d 1031). Accordingly, the court properly granted judgment in favor of the defendant and against the plainitff dismissing the complaint.

The plaintiff's remaining contention is without merit.

LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court